UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA L. FIRPO, <br><br>    Plaintiff, <br><br> v. <br><br> SMG, *et. al.*, <br><br>    Defendants. | CASE NO. 1: 10-cv-01741-BAM <br><br> **ORDER ON DEFENDANT OUTBACK CONCERTS OF TENNESSEE, INC.'S MOTION FOR SUMMARY JUDGMENT** |

    Pending before the Court is Defendant Outback Concerts of Tennessee Inc.'s ("Outback") Motion for Summary Judgment. (Doc. 53.) Plaintiff Donna Firpo ('Plaintiff') has not filed an opposition. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for June 15, 2012 (Doc. 57.) Having considered Defendant's Motion, the declarations and exhibits attached thereto, as well as the Court's file, the Court issues the following Order.

**I.  BACKGROUND**

    On September 25, 2009, Plaintiff filed this personal injury action in the Superior Court of California, County of Fresno against defendants Superior Management Group ("SMG"), Fresno

1

Convention & Entertainment Center, and Outback Concerts of Tennessee, Inc. (collectively, "Defendants"). (Doc. 2, Attach. 1.) The matter was removed to this Court on September 22, 2010, pursuant to 28 U.S.C. § 1332. (Doc. 2.)

Plaintiff alleges premises liability on a negligence theory against Defendants for injuries Plaintiff sustained on September 28, 2007, at a "Larry the Cable Guy" concert (the "Concert"). (Doc. 2, Attach. 1.) Plaintiff specifically alleges that she was guided to her seat for a performance at the Concert by an usher, who, as he was leading Plaintiff down a flight of stairs, did not light Plaintiff's way, rendering it impossible for Plaintiff to see where she was stepping. (Undisputed Fact No. 2, Doc. 53, Attach. 3.) Plaintiff claims that Defendants negligently owned, maintained, managed and operated the Selland Arena (part of the Fresno Convention and Entertainment Center), where the Concert took place. (Undisputed Fact No. 1, Doc. 53, Attach. 3.)

**A.    Background Concerning Defendant Outback Concerts of Tennessee, Inc.**

Outback entered into a "Use License Agreement" with co-defendant SMG, the manager of the facility known as the Fresno Convention and Entertainment Center (the "Center"). (Undisputed Fact No. 5, Doc. 53, Attach. 3.) SMG agreed to grant Outback a license to use certain areas of the Center for the Concert. (Undisputed Fact No. 5, Doc. 53, Attach. 3.) Pursuant to the terms of the Agreement between SMG and Outback, SMG was obligated to supply and did supply staff for the performance, including ticket takers, ushers and security. (Use License Agreement, ¶ (c)(i), Doc. 53, Attach. 2, Ex. A.) At no time prior to or during the Concert did anyone connected with or employed by Outback alter, modify or maintain the Center premises. (Undisputed Fact No. 6, Doc. 53, Attach. 3.) Outback was not responsible at any time for the hiring, training, or supervision of employees of SMG, or the Center, all of whom were provided by SMG. (Undisputed Fact No. 7, Doc. 53, Attach. 3.)

## II. DISCUSSION

**A.    Legal Standard For Summary Judgment**

Fed. R. Civ. P. 56(b) permits a "party against whom relief is sought" to seek "summary judgment on all or part of the claim." Summary judgment/adjudication is appropriate when there exists no genuine issue as to any material fact and the moving party is entitled to judgment/adjudication as a matter of law. F.R.Civ.P. 56( c); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The purpose of summary judgment/adjudication is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.,* 475 U.S. at 586, n. 11, 106 S.Ct. 1348; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985). On summary judgment/adjudication, a court must decide whether there is a "genuine issue as to any material fact," not weigh the evidence or determine the truth of contested matters. F.R.Civ.P. 56 ( c); *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598 (1970).

To carry its burden of production on summary judgment/adjudication, a moving party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "[T]o carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." *Nissan Fire*, 210 F.3d at 1102. "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

"If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire*, 210 F.3d at 1102-1103; *see Adickes*, 398 U.S. at 160, 90 S.Ct. 1598. "If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Nissan Fire*, 210 F.3d at 1103. "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire*, 210 F.3d at 1103; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make the showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.")

**B.     Negligence and Premises Liability**

California substantiative law applies to this diversity action. *See Intri–Plex Technol., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir.2007); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938). Under California law, in order to establish premises liability on a negligence theory, Plaintiff must prove: (1) duty; (2) breach; (3) causation; and (4) damages. *Baker v. Major League Baseball Properties, Inc.*, 2009 WL 2912491, at *4 (S.D. Cal. Sept.8, 2009) (citing *Ortega v. Kmart Corp.*, 26 Cal.4th 1200, 1205, 114 Cal. Rptr. 2d 470 (2001)). Summary judgment may properly be granted in a premises liability case where a defendant unequivocally establishes its lack of ownership, possession, or control of the property alleged to be in a dangerous or defective condition. *Gray v. American West Airlines, Inc.,* 209 Cal. App. 3d 76, 256 Cal. Rptr. 877 (1989); *Isaacs v. Huntington Memorial Hospital*, 38 Cal.3d 112, 134; 211 Cal. Rptr. 356 (1985).

Generally, "the duty to take affirmative action for the protection of individuals coming onto one's property is grounded in the possession of the premises and the attendant right to control and manage the premises." *Alcaraz v. Vece,* 14 Cal. 4th 1149, 1187 (1997)  (citations and

4

quotations omitted.) However, "[w]ithout the crucial element of control over the subject premises, no duty to exercise reasonable care to prevent injury on such property can be found." *Id.,* citing *Schwartz v. Helms Bakery Limited*, 67 Cal.2d 232, 239 (1967). "The mere possibility of influencing or affecting the condition of property owned or possessed by others does not constitute 'control' of such property." *Donnell v. California Western School of Law*, 200 Cal. App. 3d 715, 725, 726 (1988). Rather, "control" is understood as having the "permission to maintain" or "repair" property. *Marshall v. United Airlines,* 35 Cal. App. 3d 84 (1973).

Here, it is undisputed that Outback did not own the Center. (Use License Agreement, p. 1, Doc. 53, Attach. 2, Ex. A.) It is undisputed that Outback was not authorized to exercise any control, including but not limited to maintenance, staffing or repairs over the Center on the night of the Concert. (Undisputed Fact No. 6-7, Doc. 53, Attach. 3.) No evidence has be presented the Outback contractually undertook to control the premises. No evidence has been presented demonstrating any degree of control by Outback over the Center on the night of the Concert. (Undisputed Fact No. 6-7, Doc. 53, Attach. 3.) *See also, Sassoon v. KLM Royal Dutch Airlines,* 91 F.3d 154 (9th Cir. 1996) ("We . . . continue the rule that control over premises is necessary before one owes a duty to protect those coming upon the premises. Because [plaintiff] failed to introduce evidence sufficient to create a genuine issue of material fact regarding control, the district court properly granted summary judgment in favor of [the defendant].")

Arguably, Outback had a technical possessory interest in the Center on the night of the Concert under the terms of the Use License Agreement. However, "premises liability is predicated upon the concept that possession includes the attendant right to manage and control, justifying liability when one has failed to exercise due care in property management." *Seaber v. Hotel Del Coronado,* 1 Cal. App. 4th 481 (1991). Here, the undisputed evidence before the Court demonstrates Outback lacked the "crucial element of control" over the Center and, as such, Outback had no duty to exercise reasonable care to prevent injury at the Center. *Id.* Plaintiff has failed to offer evidence indicating Outback had any degree of control over the Center.

Accordingly, and as a matter of law, Outback had no duty to Plaintiff. Thus, there is no genuine issue of material fact with respect to Plaintiff's negligence claims against Outback.

### III. CONCLUSION

Based on the foregoing, the Court GRANTS Outback's Motion for Summary Judgment. The clerk is directed to enter judgment in favor of Defendant Outback Concerts of Tennessee, Inc., and against Plaintiff Donna Firpo.

IT IS SO ORDERED.

Dated: **July 19, 2012**              /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE

6